# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:08-CR-121

United States of America

v.

Damon Emanuel Elliott

                Defendant

Report and Recommendation Re:
Defendant's Competency to Stand Trial

      Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

      On October 3, 2008, the court ordered a psychiatric or psychological exam to determine if defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket No. 12.) Defendant subsequently received an evaluation by Dr. Richart L. DeMier, Ph.D., Clinical Psychologist at the U.S. Medical

Center for Federal Prisoners in Springfield, Missouri. On April 20, 2009, Dr. DeMier returned a copy of his forensic psychological report.

The psychiatric report concludes that, in the opinion of Dr. DeMier, defendant is mentally competent to stand trial. Specifically, Dr. DeMier concludes that defendant does <u>not</u> suffer from a mental disease or defect that renders him presently unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A competency hearing was conducted on May 11, 2009. At the hearing, defendant appeared in court with counsel, Bernard J. Shealy, Esq. The court admitted into evidence the psychological report detailing the results and findings. Counsel for the government, counsel for defendant, and defendant indicated no objections to the competency findings in the report.

Defendant, however, voiced *pro se* objections to various perceived inaccuracies in the report. Defendant listed several instances in which he claims that the examiner inaccurately reported or misconstrued his responses to questions and conduct during the psychological testing. These instances included inaccurate statements about (a) being convicted of assaulting a police officer, (b) the reason for a medical prescription, and (c) the date of an alleged assault by a Bureau of Prisons officer. Defendant further explained that he did not answer various questions posed by the forensic examiner because he did not know the answers, not because of lack of cooperation. Defendant also complained that the examining psychologist failed to define or explain certain terminology.

Further, defendant voiced various *pro se* complaints concerning his current conditions of pretrial confinement at the Liberty County jail. These complaints

included classification in solitary confinement and inadequate outside recreation, failure to respond to grievances, and denial of access to the courts for lack of a law library and materials for defendant's "legal work" including this and other cases.

After noting all of these *pro se* complaints, the undersigned finds that they confirm and bolster the psychologist's expert opinion that defendant is mentally rational, able to understand the proceedings against him, and to assist counsel in his defense if he chooses.[1]

The undersigned therefore concludes that defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceeding against him, and he has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

## RECOMMENDATION

The court should find defendant competent to stand trial because he understands the proceeding against him and has the ability to assist his attorney under Title 18 U.S.C. § 4241.

---

[1] The court instructed defendant that complaints regarding conditions of confinement are separate matters that are not appropriate for resolution at a competency hearing, and are not referred to the undersigned for consideration. However, the court instructed defense counsel to file an appropriate motion with the court if counsel concludes that jail conditions unreasonably restrict or impair counsel's ability to communicate with his client prior to trial or to prepare an adequate defense.

## OBJECTIONS

Title 28 U.S.C. § 636 normally gives parties ten (10) days to object to recommendations submitted by magistrate judges. However, as the parties have agreed that defendant is competent, and this report recommends that defendant be found competent, the court may act on the report and recommendation immediately.

SIGNED this 11 day of May, 2009.

_____
Earl S. Hines
United States Magistrate Judge